UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:17-cv-506-DJH

ZIELKE LAW FIRM PLLC                                                                                    *Plaintiff*

V.

KEITH B. HUNTER, et al.                                                                                 *Defendants*

**THE UNITED STATES' RESPONSE TO DEFENDANT CLAY DANIEL WALTON & ADAMS PLLC'S MOTION FOR SUMMARY JUDGMENT**

The United States of America now responds in opposition to defendant Clay Daniel Walton & Adams PLLC's (hereinafter "CDWA") motion for summary judgment. CDWA claims it is entitled to payment of attorney's fees from the interpleaded funds because it had a contingency fee agreement with Keith B. Hunter. CDWA asserts that this agreement gives their claim priority over the United States' federal tax liens held against Keith B. Hunter (hereinafter "Hunter").

CDWA's motion is premature because no discovery has been conducted in this case. Because discovery is needed, the United States is unable to fully respond to CDWA's motion, and cannot present facts essential to justify its opposition. Therefore, the Court should deny CDWA's motion pursuant to Rule 56(d), and order the parties to take discovery on all claims at issue in this case.

Alternatively, the Court should deny CDWA's motion because a genuine dispute of material fact exists as to whether CDWA actually holds an enforceable right to its fees.

**BACKGROUND FACTS**

The United States of America holds federal tax liens against Hunter for unpaid federal income taxes for tax years 1996 through 2002, 2006, 2008, and 2011. Dkt. 6-11. Notices of

Federal Tax Liens securing these claims against third parties were filed with the Clerk of Court of Jefferson County, Kentucky. *See* Dkt. 6-11. The outstanding federal tax liability secured by these liens totals $1,047,556.12 as of September 4, 2017, plus statutory interest and additions that continue to accrue according to law.

From its filings, CDWA appears to have represented Hunter in a dispute against ZLF. Dkt. 6-1. CDWA claims it had a contingency fee arrangement with Hunter whereby CDWA would be paid 40% of any judgment won against ZLF. Dkt. 6-1 at 3. In Kentucky, a contingency fee agreement "shall be in a writing signed by the client and shall state the method by which the fee is to be determined." Ky. SCR 3.130(1.5) Fees. CDWA claims its contingency fee should be paid from the interpleaded funds ahead of the United States tax liens. Dkt. 6. In response, ZLF contends that CDWA may not have a valid claim to the interpleaded funds as evidenced by CDWA's failure to proffer a written contingency fee agreement in support of its motion. Dkt. 7.

The United States cannot properly oppose CDWA's motion because no discovery been has conducted, and therefore the parties cannot determine the nature and enforceability of CDWA's contingency fee agreement. Therefore, the Court should deny CDWA's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d).

Alternatively, CDWA's motion and ZLF's response indicate that there remains a genuine issue of material fact as to the nature, validity, and enforceability of the fee agreement that will determine whether CDWA's claim has super-priority over the tax claims of the United States. Therefore, CDWA's motion for summary judgment should be denied.

## STANDARD OF REVIEW

A motion for summary judgment should be denied, or a ruling deferred, if the nonmovant shows that it cannot present facts essential to justify its opposition and discovery is needed. Fed.

R. Civ. P. 56(d); *Unan v. Lyon*, 853 F.3d 279, 292-93 (6th Cir. 2017). A nonmovant can make such a showing by filing an affidavit or declaration. Fed. R. Civ. P. 56(d). A formal affidavit attesting to the need for discovery may not be required "when a party has clearly explained its need for more discovery on a particular topic to the district court prior to or contemporaneously with the motion for summary judgment." *Unan*, 852 F.3d at 293 (quoting *United States v. Rohner*, 634 F.App'x. 495, 504 (6th Cir. 2015). This requirement is satisfied by indicating the need for discovery, the material facts to be uncovered, and why these facts have not been previously discovered. *Id.* at 292-93.

A movant is entitled to summary judgment if there is no genuine dispute as to a material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "The Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The disputed facts must be material, or facts which might affect the outcome of the suit. *Id.* (citing *Andersen*, 477 U.S. at 242.).

## ARGUMENT

### I. CDWA's Motion Should Be Denied Because Discovery is Needed to Establish the Facts at Issue

CDWA seeks a ruling that it has priority over the federal tax liens of the United States without conducting any discovery into the validity, priority, or extent of the claims at issue. Discovery is needed to explore the existence and terms of the contingency fee agreement between CDWA and Hunter. Discovery is also needed to explore the nature and priority of every other claim at issue in this case.

CDWA claims super-priority by virtue of 26 U.S.C. § 6323(b)(8). Section 6323(b)(8) states that a federal tax lien is not valid "with respect to a judgment… as against an attorney who, under local law, holds a lien upon or a contract enforceable against such judgment or amount, to the extent of his reasonable compensation for obtaining such judgment or procuring such settlement." 26 U.S.C. § 6323(b)(8). Where an attorney's claim is based on a contract for a contingency fee, the fee agreement must be enforceable under the law of the state where the contingency fee agreement was created. *Leathers v. Leathers*, 856 F.3d 729, 765 (10th Cir. 2017). Curiously, CDWA cites *Leathers* for the proposition that the Internal Revenue Code provides super-priority for attorney's liens that procure funds from which the IRS seeks to satisfy a tax debt, but neglects to mention the holding of *Leathers*, which was that an unenforceable contingency fee agreement does not provide an attorney with super-priority over a federal tax lien. Dkt. No. 6-1 at 4; *Leathers*, 856 F.3d at 765.

An agreement for the payment of a contingency fee that is not in writing is unenforceable in the Commonwealth of Kentucky. SCR 3.130(1.5) Fees; *see Exact Software v. Infocon Systems, Inc.*, No. 3:03CV7183, 2011 WL 2490594 at *5 (N.D. Ohio June 22, 2011) (attorney denied ability to present evidence of unenforceable contingency fee agreement because agreement was not in writing); *see also Kentucky Bar Ass'n v. Womack*, 269 S.W.3d 409, 412 n. 2, 413 (Ky. 2008) (suspending attorney for thirty day and ordering payment of restitution where attorney charged and attempted to collect a contingency fee in the absence of a written fee agreement despite the claim that the client verbally agreed to the fee).

Here, no discovery has been conducted. The existence of an enforceable contingency fee agreement is necessary to the determination of this case. *See* 26 U.S.C. § 6323(b)(8); *see also Leathers*, 856 F.3d at 765. The enforceability of CDWA's contingency fee agreement will

4

determine whether CDWA has priority over the United States. CDWA has not produced a copy of the contingency fee agreement. Hunter has not produced a copy of the contingency fee agreement. CDWA is asking the Court to determine lien priority without knowing if CDWA's claim actually takes priority over the United States' tax liens. If the contingency fee agreement is unenforceable, CDWA is not entitled to super-priority under section 6323(b)(8).

CDWA, ZLF, and Hunter all have the benefit of having litigated the state court matter. The United States is left to respond to allegations on a cold record devoid of actual fact finding, and therefore discovery is needed to determine if the contingency fee agreement at issue here is enforceable as required by the plain language of 26 U.S.C. § 6323(b)(8). Discovery is also needed to establish the priority of the claims of Hunter and the Commonwealth of Kentucky. CDWA's motion should be denied under Rule 56(d).

## II.   Alternatively, a Genuine Dispute of Material Fact Remains as to the Enforceability of CDWA's Contingency Fee Agreement

If a genuine dispute of material fact remains, the moving party is not entitled to judgment as a matter of law. *Andersen v*, 477 U.S. at 247-48; *60 Ivy Street Corp.*, 822 F.2d at 1435. At the very least, the existence, terms, and enforceability of the fee agreement remain disputed. *Compare* Dkt. No. 6-1 at 3 ("both CDWA and Hunter has Answered and admitted that CDWA has a valid claim and lien on 40% of the judgment") *with* Dkt. 7 at 1-2 ("In his Answer, Keith Hunter specifically did not admit that Clay Daniel Walton & Adams has a lien, or is owed any fee at all"). ZLF's response shows that the validity, extent, and priority of CDWA's claim is contested. *Response to Motion for Summary Judgment*, Dkt. 7 at 2 ("It is completely untrue that Hunter has admitted that any valid claim exist or to the amount of such claim."). Consequently, a material issue of fact remains, and summary judgment is inappropriate at this time.

## CONCLUSION

CDWA's motion for summary judgment is premature. The priority of the claims at issue here cannot be determined based on the pleadings alone. Discovery is necessary. Therefore, the United States requests the Court deny plaintiff's motion for summary judgment pursuant to Rule 56(d), and issue a scheduling order and allow the parties to take discovery on the nature, scope, and enforceability of all claims to the interpleaded funds, as is customary in cases under 28 U.S.C. § 2410. Alternatively, the Court should deny CDWA's motion for summary judgment because a genuine dispute of material fact remains as to the enforceability of its contingency fee agreement.

Dated: October 6, 2017  

                JOHN E. KUHN, JR.
                United States Attorney

                DAVID A. HUBBERT
                Acting Assistant Attorney General

By: */s/ Sean P. O'Donnell*
    SEAN P. O'DONNELL
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 227
    Washington, D.C. 20044
    202-514-9641 (v)
    202-514-6866 (f)
    Sean.P.O'Donnell@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on October 6, 2017, the foregoing *United States' Response To Defendant Clay Daniel Walton & Adams Pllc's Motion For Summary Judgment* was filed with the Court using the CM/ECF system and served via first-class mail, postage prepaid, on:

John H. Dwyer, Jr.
Laurence J. Zielke
Janice M. Theriot
Zielke Law Firm, PLLC
Meidinger Tower, Ste. 1250
Louisville, Kentucky 40202
(502) 589-4600
lzielke@zielkefirm.com
jdwyer@zielkefirm.com
jtheriot@zielkefirm.com

Commonwealth of Kentucky
Department of Revenue
Hon. Andrew Beshear
Office of the Attorney General
700 Capitol Avenue, Suite 118
Frankfort, Kentucky 40601-3449

Clay Daniel Walton & Adams PLLC
Garry Adams
462 S. Fourth St.
Meidinger Tower, Suite 101
Louisville, KY 40202

Keith B. Hunter
1420 South 4th St.
Louisville, Kentucky 40208

*/s/ Sean P. O'Donnell*
SEAN P. O'DONNELL
Trial Attorney, Tax Division